# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAYSON GERENA,**
          **Plaintiff,**

-vs-                              Case No. 6:07-cv-1540-Orl-19KRS

**CATO ENVIRONMENTAL SERVICES, INC.,**
**BRIAN CATO,**
**LARA J. CATO,**
          **Defendants**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CASE WITH PREJUDICE (Doc. No. 66)** |
| **FILED:** | **November 21, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. In their Joint Motion, the parties contend they have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

This case was filed by Plaintiff Tremaine Davis on behalf of himself and others similarly situated. Doc. No. 1. Davis alleged that Defendants filed to pay overtime compensation required

under the FLSA. *Id.* Subsequently, the following individuals joined the case as Plaintiffs: Willie McGill, Quincy Williams, Jayson Gerena, Lance Wamley, Alberto Williams, and Horraine Parkinson Doc. Nos. 11, 22, 42, 43. On September 14, 2008, Plaintiffs filed an amended complaint, with leave of Court, that substituted Gerena as the named plaintiff. Doc. No. 42. Plaintiffs represented in the motion for leave to amend that Davis no longer wished to continue with the litigation. Doc. No. 38.

Each Plaintiff filed sworn answers to the Court's interrogatories stating the overtime compensation and liquidated damages they contended were owed to them. Under the settlement agreement, the remaining Plaintiffs concede that they will receive less than the amount claimed. Doc. No. 66 at 2. The parties did not file the settlement agreement(s), and it is unclear from the motion how the agreed back wages and liquidated damages will be distributed among the Plaintiffs. *Id.* Under the settlement, counsel for Plaintiffs will receive $4,000.00 in attorneys' fees and costs.

Because the amount each Plaintiff will receive is less than the amount the Plaintiff claimed to be owed under the FLSA, the Court must consider whether the compromise of the amounts paid to each Plaintiff was reasonable and whether the payment to the attorneys is reasonable. If the payment to the attorneys is not reasonable, the Court must consider whether any Plaintiff's recovery might have been greater if the payment to the attorneys was reduced to a reasonable amount.

Accordingly, to determine whether this proposed settlement is reasonable, counsel for Plaintiffs must disclose the extent to which any Plaintiffs' FLSA claims have, will, or could be compromised by deduction of attorneys' fees, costs, or expenses, whether pursuant to a contract between that plaintiffs and counsel or otherwise. Plaintiffs must also establish that the attorney's fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA. *See Silva v. Miller*, No.

08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009);[1] *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

A plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[2] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each task–records which Plaintiffs' counsel has failed to attach to the instant motion. In this regard, Plaintiffs' counsel is advised that entries for drafting of boilerplate form

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

[2] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorneys' fees).

-3-

documents and filings, non-compensable clerical work, and similar time-consuming entries will be closely scrutinized by the Court.

**Counsel for Plaintiff is reminded that a document preservation order remains in effect as to the time records in this case entered on or before January 5, 2009.** *See Varela v. Innovative Writing Solutions, Inc.*, **Case No. 6:07-cv-165-Orl-28KRS, doc. no. 64 (M.D. Fla. Jan. 5, 2009), which order is incorporated herein by reference. This document preservation order prohibits Plaintiffs' counsel, Morgan & Morgan, P.A. and others from changing the time records in any way, including altering the initials of the recorder or timekeeper or the hourly rate or amount. Failure to comply with that order may result in sanctions. See, e.g., Fed. R. Civ. P. 16(f).**

Accordingly, it is **ORDERED** that on or before February 27, 2009, counsel for Plaintiffs shall file:

1. A sworn declaration that

    a. sets forth the calculation used to determine the precise final distribution of settlement funds to each plaintiff as FLSA compensation, liquidated damages (if any), and attorneys' fees including costs/expenses, after application of any fee agreement between each plaintiffs and counsel; and

    b. advises the Court whether and to what extent any fee agreement, or other agreement, between any plaintiffs and counsel could decrease any plaintiffs' recovery if the Court determines that a reasonable attorneys' fee under the FLSA is less than the amount agreed to in the settlement agreement.

2. Evidence establishing that the attorney's fee awarded to counsel constitutes "a reasonable attorney's fee" under the FLSA, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the hourly rate for each individual who performed any task, and the number of hours spent on each task.

3. A copy of the fully executed settlement agreement(s).

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE