# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAYSON GERENA,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:07-cv-1540-Orl-19KRS**

**CATO ENVIRONMENTAL SERVICES,
INC., BRIAN CATO,
LARA J. CATO,**

        **Defendants**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF CASE WITH PREJUDICE (Doc. No. 66)** |
| **FILED:** | **November 21, 2008** |

## I. PROCEDURAL HISTORY.

This case was brought by former Plaintiff Tremaine Davis as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1. Opt-in Plaintiff Willie McGill filed his notice of consent to join the case on September 27, 2007. Doc. No. 2 at 3.[1] Opt-in Plaintiff Quincy Williams and Plaintiff Jayson Gerena filed their notices of consent to join on December 5, 2007. Doc. No. 22. Opt-in Plaintiffs Lance Wamley and Alberto Williams filed their notices of

---

[1] McGill filed a second copy of his notice of consent to join on October 23, 2007. Doc. No. 11.

consent to join on July 31, 2008. Doc. No. 42. Opt-in Plaintiff Horraine Parkinson filed a notice of consent to join on August 1, 2008. Doc. No. 43.

In September 2008, Davis "concluded that he no longer wishe[d] to pursue the case," Doc. No. 52 at 2, and the Court granted the remaining Plaintiffs leave to file an amended complaint with Gerena as the named plaintiff on behalf of others similarly situated, including the other Opt-in Plaintiffs. *Id.* at 2-3. On September 12, 2008, Plaintiff Gerena filed his Amended Complaint as a collective action under the FLSA. Doc. No. 55. No other plaintiffs joined the case.

On November 21, 2008, the parties filed the instant motion seeking the Court's approval of their settlement. The motion seeks approval of a total settlement of $3,808.00 in unpaid wages, $3,808.00 in liquidated damages, and $4,000.00 in attorney's fees and costs.[2] Doc. No. 66 at 2. The Court referred the matter to me for report and recommendation whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Doc. No. 67.

On February 18, 2009, I ordered counsel for Plaintiffs to supplement the motion with verified attorney time records, a sworn statement concerning the distribution of settlement funds, and fully executed settlement agreements. Doc. No. 71. Counsel for Plaintiffs, Carlos V. Leach, Esq., filed his affidavit on February 26, 2009. Doc. No. 72 ("Leach Aff."). Leach filed fully executed copies of the settlement agreements on March 9, 2009. Doc. No. 75. As the motion is unopposed, and Leach has filed his affidavit containing the time records and an explanation of settlement distribution, it is ripe for consideration.

---

[2] The settlement agreements reflect a total attorney's fee and cost settlement of $4,000.02.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[3] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[3] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

## III. ANALYSIS.

### A. *Settlement Recovery.*

Plaintiffs' claims and the amount each will receive under a settlement agreement are summarized in the table below (Docket Number in [brackets]):

| Plaintiff | Unpaid Wages | Liquidated Damages | Settlement Amount | Attorney's Fees and Costs[4] |
|---|---|---|---|---|
| Jayson Gerena | $21,217.50 [34-2] | $21,217.50 [34-2] | $1,712.00 [75-2 at 2] | $ 666.67 [75-2 at 2] |
| Willie McGill | $ 6,200.00 [53-2] | $ 6,200.00 [53-2] | $2,114.00 [75-2 at 34] | $ 666.67 [75-2 at 34] |
| Alberto Williams | $ 1,235.00 [51-2] | $ 1,235.00 [51-2] | $ 550.00 [75-2 at 26] | $ 666.67 [75-2 at 26] |
| Lance Wamley | N/A[5] | N/A | $ 548.00 [75-2 at 18] | $ 666.67 [75-2 at 18] |
| Horraine Parkinson | N/A[6] | N/A | $ 180.00 [75-2 at 10] | $ 666.67 [75-2 at 10] |
| Quincy Williams | N/A[7] | N/A | $ 2,512.00 [75-2 at 42] | $ 666.67 [75-2 at 42] |

---

[4] The attorney's fees and costs are divided equally among the Plaintiffs. Each settlement agreement recites payment of half of the Plaintiff's damages within thirty days, payment of the attorney's fees and costs within sixty days, and payment of the second half of the damages within ninety days, less applicable withholdings. In light of *Silva*, I recommend the Court not approve the distribution schedule and instead order Leach and the law firm of Morgan & Morgan to allocate money first to Plaintiffs' settlements.

[5] Wamley did not file answers to the Court's interrogatories before settlement.

[6] Parkinson did not file answers to the Court's interrogatories before settlement.

[7] Williams did not file answers to the Court's interrogatories before settlement.

The parties represent that Plaintiffs accepted their settlement amounts after reviewing the overtime premiums and payments made by Defendants as disclosed in the Verified Summaries, Doc. No. 63. *See* Doc. No. 66 at 2-3. After reviewing these summaries, Plaintiffs found that they may have been due considerably less than the amounts they initially averred. *Id.* Contrary to the initial allegations of Defendants' willful violation of the FLSA warranting an award of liquidated damages, the parties cite Defendants' "substantial overtime payments," including premium payments and "straight time wages for weekend work" as evidence that Defendants acted in good faith with respect to payment of overtime. *Id.* Each Settlement Agreement recites that the particular plaintiff "acknowledges that the settlement provides [him] with the full amount of wages due on his FLSA claim." *E.g.*, Doc. No. 75-2 at 2 (Gerena). Defendants also agree to pay each Plaintiff within thirty days an amount equal to their back wages as "payment of . . . liquidated damages." *E.g.*, *id.*

As Plaintiffs have not compromised their claims, the Court need not scrutinize the settlement further to consider whether the payment to Plaintiff's attorney, the hourly rate claimed by Plaintiff's attorney, or the costs claimed by Plaintiff's attorney are reasonable.[8]

B.    *Settlement Agreement.*

The Court need not approve the other provisions of the settlement agreements. I note that the settlement agreements contain terms that this Court would not approve, such as confidentiality agreements, which are partially unenforceable in light of the public filing of the agreements.

---

[8] Leach avers that his fee was negotiated separately, and that he is not seeking a contingency fee. Doc. No. 72-2 ¶ 2. Leach further avers that a reasonable fee for his services alone, not including time expended by paralegals or costs, calculated at $250.00 per hour would have been $5,675.00, more than the amount he would receive for attorney's fees and costs under the settlement. *Id.* ¶ 11.

Accordingly, I recommend that the Court not approve the settlement agreements as a whole or reserve jurisdiction to enforce them.

    *C.    Fairness Finding.*

Plaintiffs have not compromised their FLSA claims. Accordingly, I find the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.    RECOMMENDATION.

For the forgoing reasons, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement agreements are "fair and reasonable resolution[s] of a bona fide dispute[s] over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **ORDER** counsel for Plaintiff to allocate any funds recovered from Defendant first to Plaintiffs, pro rated according to their respective recoveries, until Plaintiffs receive the agreed amounts, and only thereafter to attorney's fees and costs;

3. **PROHIBIT** counsel for Plaintiffs from withholding any portion of the amount payable to Plaintiffs under the settlement agreements pursuant to a fee agreement or otherwise;

4. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to each Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreements;

6. **DENY as moot** Defendants' Motion to Strike the Opt-in Plaintiffs' consents, Doc. No. 54;

7. **DIRECT** the Clerk of Court to dismiss the case with prejudice and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 19, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE